**Scott AIKEN, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–3825.**

Court of Appeals of Alaska.

Dec. 13, 1991.

David R. Weber, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellant.

Terry A. Fikes, Asst. Dist. Atty., Edward E. McNally, Acting Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS, J. and ANDREWS, Superior Court Judge.*

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

## OPINION

COATS, Judge.

Scott Aiken was convicted in a bench trial of unlawful evasion in the second degree, AS 11.56.350.[1] He appeals, contending that the evidence was insufficient to support the conviction. We affirm.

The information filed against Aiken alleged that he failed to return to the Glen Wood Center, a halfway house, after leaving to take out the garbage.

Three witnesses testified at trial. Thomas Roberts, a correctional officer for the state, testified that Aiken was serving a nine-month sentence for three counts of driving while intoxicated and two counts of driving with a suspended license at the time of the offense.

Dennis Tweeten, security guard supervisor at the Glen Wood Center, testified that Aiken did not appear for the 11:00 p.m. head count on May 8, 1990. Tweeten testified that he did not issue a leave pass to Aiken or give him permission to leave the premises, and he did not observe anyone else give Aiken permission to do so. Tweeten also stated that inmates are allowed to go outside the facility to empty the garbage or get a newspaper.

Loy Bolt, a probation officer at the Sixth Avenue and C Street Jail, testified that on May 8, 1990, Aiken came to the downtown jail facility to discuss his Clitheroe Center furlough which was scheduled for May 10, 1990.

At the conclusion of the evidence, defense counsel argued that Aiken was entitled to an acquittal because the state had not proved that he failed to return to the Glen Wood Center after having been given permission to leave. Defense counsel pointed out that there had been no testimony whatsoever that Aiken had been given specific permission to leave the facility. Defense counsel contended that the state had proved only that Aiken escaped from the Glen Wood Center, i.e., that he left without permission. His contention was essentially that the state had shown that Aiken was guilty of escape in the fourth degree, a class A misdemeanor and thus a more serious offense.[2] Aiken argues that unlawful evasion was not a lesser-included offense of escape in the fourth degree and that the state had therefore not proven the unlawful evasion charge against him.

The court convicted Aiken of unlawful evasion in the second degree, finding that the evidence established that he committed either an escape or an unlawful evasion. The court also noted that it would have been difficult for the state to prove an escape in light of the evidence that inmates have blanket permission to leave the Glen Wood Center to empty the garbage or get a newspaper.

On appeal, Aiken again claims that he was entitled to an acquittal because the state proved that he committed the offense of escape in the fourth degree rather than unlawful evasion in the second degree. We agree with Judge Mason that the court could properly convict Aiken of unlawful evasion. Under the evidence in this case, Aiken either committed the offense of escape in the fourth degree if he left detention without any permission to leave, or unlawful evasion if, after being given temporary permission to leave, he then left detention and stayed away beyond the scope of the temporary permission. A person who commits escape in the fourth degree is guilty of a class A misdemeanor, a

---

1. AS 11.56.350 provides:
   (a) A person commits the crime of unlawful evasion in the second degree if, while charged with or convicted of a misdemeanor,
   (1) the person fails to return to official detention within the time authorized following temporary leave granted for a specific purpose or limited period, including leave granted under AS 33.30.181; or
   (2) while on furlough under AS 33.30.101— AS 33.30.131 the person fails to return to the place of confinement or residence within the

   time authorized by those having direct supervision.
   (b) Unlawful evasion in the second degree is a class B misdemeanor.

2. AS 11.56.330 provides:
   (a) One commits the crime of escape in the fourth degree if, without lawful authority, one removes oneself from official detention for a misdemeanor.
   (b) Escape in the fourth degree is a class A misdemeanor.

more serious offense than unlawful evasion, a class B misdemeanor. In essence, Aiken's claim is that the state could not charge him with the lesser offense. Aiken argues that escape in the fourth degree and unlawful evasion are mutually exclusive offenses requiring the state to prove that he committed one crime or the other. If he had no permission to leave, he committed escape; if he had permission to leave temporarily but absconded, he committed unlawful evasion. However, a corollary of Aiken's argument would be that if the state could show that Aiken unlawfully was away from official detention, but could not prove beyond a reasonable doubt whether or not Aiken had permission to leave for a temporary period of time, the state could not convict Aiken of either offense. This is not a sensible reading of the statutes and we are quite confident that this is not what the legislature intended.

■ A close reading of the applicable statutory language supports this conclusion. Under AS 11.56.350(a)(1), unlawful evasion occurs when a "person fails to return to detention within the time authorized following temporary leave...." The clear focus of this language is on the accused's status at the time of the alleged failure to return, not the antecedent status that existed when the accused first left official detention. Thus, to meet its burden of proving the elements of the offense, the state must establish not that the accused was at some prior time temporarily authorized to leave official detention, but rather that, at the time of the alleged failure to return, no temporary leave was authorized.

■ It seems clear that Judge Mason was correct in concluding that the state could charge Aiken with unlawful evasion, the lesser offense, and essentially concede that Aiken may have had temporary permission to leave. The state presented evidence at trial which provided that whether Aiken had temporary permission to leave detention or not, he exceeded the scope of that permission and committed at least the offense of unlawful evasion. We do not see any problem with allowing the state to convict Aiken on that basis.

The conviction is AFFIRMED.

MANNHEIMER, J., not participating.